# IN THE SUPREME COURT OF TEXAS

No. 18-0127

JUAN ALVAREZ, PETITIONER,

v.

STATE FARM LLOYDS, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

**PER CURIAM**

In this insurance dispute, we consider whether an insurer's payment of an appraisal award bars an insured's claim under the Texas Prompt Payment of Claims Act (TPPCA), codified in Chapter 542 of the Insurance Code. *See* TEX. INS. CODE §§ 542.051–.061 (Subchapter B. Prompt Payment of Claims). The court of appeals concluded it did. Because the court of appeals' opinion is inconsistent with our recent decisions on this issue, we now reverse.

Juan Alvarez's residential property sustained wind and hail damage. After its first inspection, State Farm determined that the property's damages fell below Alvarez's deductible. After a second inspection, however, State Farm observed additional damage, revised its estimate, and issued Alvarez payment under his insurance policy. Believing the property damages still undervalued, Alvarez sued State Farm. In response, State Farm successfully moved the trial court to compel appraisal. The appraisal award exceeded State Farm's prior estimates. State Farm

accordingly paid the award to Alvarez and subsequently moved for summary judgment on all of Alvarez's claims. The trial court granted State Farm's motion and rendered a take-nothing judgment. The court of appeals affirmed, holding that (1) payment of an appraisal award entitled an insurer to summary judgment on all of the insured's contractual and extra-contractual claims and (2) our decision in *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018), did not change that conclusion. ___ S.W.3d ___, 2018 WL 340135 (Tex. App.—San Antonio 2018) (mem. op.).

Alvarez thereafter petitioned this Court to decide whether the court of appeals' opinion comported with *Manchaca*. In the interim, however, we decided two cases relevant to the issues Alvarez raises in his petition. In *Barbara Technologies Corp. v. State Farm Lloyds*, we held that "payment in accordance with an appraisal is neither an acknowledgment of liability nor a determination of liability under the policy for purposes of TPPCA damages under section 542.060." 589 S.W.3d 806, 820 (Tex. 2019). On the same day, we restated in *Ortiz v. State Farm Lloyds* that "an insurer's payment of an appraisal award does not as a matter of law bar an insured's claims under the Prompt Payment Act." 589 S.W.3d 127, 135 (Tex. 2019).

Alvarez originally sought damages from State Farm for breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, negligence, negligent misrepresentation, and violations of Chapters 541 and 542 of the Insurance Code. After we decided *Barbara Technologies* and *Ortiz*, however, Alvarez amended his petition for review to abandon all but his claim for damages under Chapter 542, arguing that State Farm's payment of the appraisal award did not preclude him from proceeding with his TPPCA claim.

2

Although Alvarez did not expressly allege a TPPCA claim in his original petition, he alleged that he was entitled to 18% statutory interest (which reflects the statutory interest rate for violations of the TPPCA) and argued in his no-evidence motion for partial summary judgment that he was entitled to TPPCA damages. State Farm appeared to acknowledge this claim, too, arguing in its own summary-judgment motion that it was not subject to TPPCA damages. So to the extent State Farm suggests Alvarez failed to preserve his TPPCA claim, State Farm is mistaken. *See Ortiz*, 589 S.W.3d at 129, n. 2.

The court of appeals concluded that Alvarez could not maintain his TPPCA claim due to State Farm's payment of the appraisal award. Under *Barbara Technologies* and *Ortiz*, this was error. Without hearing oral argument, under Texas Rule of Appellate Procedure 59.1, we reverse the judgment of the court of appeals and remand the case to the trial court to consider Alvarez's TPPCA claim in light of those decisions.

Opinion Delivered: April 17, 2020